IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS L. WILSON,

                **Plaintiff,**

v.                                                     CASE NO. 23-3030-JWL

ROBERT K. WALLACE, ET AL.,

                **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff Thomas L. Wilson, a state prisoner currently incarcerated at El Dorado Correctional Facility (EDCF) in El Dorado, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. Plaintiff has also filed a motion for appointment of counsel (Doc. 4), alleging that he is indigent and he wishes to have counsel appointed to represent him in this matter.

The Court has considered Plaintiff's motion for appointment of counsel. As Plaintiff acknowledges, there is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979

1

(10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that although Plaintiff has asserted a colorable claim against a named defendant, the issues are not complex and Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if those circumstances change.

In addition, the Court has conducted an initial review of the complaint as required by 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes a pro se complaint such as this one and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff names as defendants EDCF Captain Robert K. Wallace and EDCF Sergeant Chad D. Clemons. (Doc. 1, p. 1-2.) As the factual background for this complaint, Plaintiff alleges that he has a history of seizures and had a seizure on February 4, 2022. (Doc. 1-1, p. 6.) In the early morning of February 6, 2022, he suffered another seizure while in his cell at EDCF, during which he fell, hit his head, and injured his back. (Doc. 1, p. 2; Doc. 1-1, p. 2. His cellmate pushed the intercom button and EDCF Officer Jaysic W. Staats alerted Defendant Clemons, who called for medical assistance on his radio. (Doc. 1, p. 2.) Although officers and medical staff came to Plaintiff's cell, Defendant Wallace refused to allow Defendant Clemons or other officers to enter the cell and render immediate medical aid. *Id.*

Defendant Wallace explained this decision by stating that Plaintiff has a "'past history of weapons possession,'" a characterization Plaintiff disputes. (Doc. 1-1, p. 5-6.) At that point, medical staff left the scene without assessing Plaintiff or providing medical treatment. (Doc. 1-1,

2

p. 2-3.) Plaintiff, who was lying on the ground in his own blood, vomit, and urine, and who was shaking and choking, was unable to follow standard procedure and come to the cell door to be restrained. (Doc. 1, p. 3; Doc. 1-1, p. 5.) Plaintiff asserts that EDCF policy is that when there is a medical emergency and the inmate involved is physically unable to come to the door to be restrained, the inmate's cellmate will be restrained at the door, after which officers are supposed to enter the cell with a safety shield, restrain the inmate, and then allow medical assessment. (Doc. 1-1, p. 3.) Defendant Wallace refused to allow officers to follow the policy and procedure in place for a medical emergency occurring when an inmate is physically unable to come to his cell door to be restrained, and Plaintiff suffered a second seizure while EDCF staff stood outside of his cell. *Id.* at 3-4.

Another medical code was called and medical staff returned. *Id.* Eventually, Plaintiff's cellmate dragged him to the cell door, where Plaintiff was restrained and received medical treatment. (Doc. 1, p. 2; Doc. 1-1, p. 4.) It does not appear that Plaintiff was removed from his cell to receive treatment, but at some point, Plaintiff was prescribed pain medication and on February 9, 2022, his condition was described by medical staff as "[p]robable post concussive syndrome after hitting head." (Doc. 1-1, p. 8, 11-12.) Plaintiff asserts that he still suffers from back pain and he remains on pain medication. (Doc. 1, p. 5.)

Plaintiff alleges two causes of action. In Count I, Plaintiff alleges that Defendant Wallace was negligent when he saw Plaintiff was unable to come to the door to be restrained but he refused to allow Defendant Clemons to follow security protocol and allow medical staff to render immediate medical aid. (Doc. 1, p. 3.) In Count II, Plaintiff alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated when "officers stood outside [his] cell watching [him] have multiple seizures. [He] had a head and back injury and was laying on the

3

ground shaking and choking in [his] own vomit and blood and no officers allowed medical staff to render immediate medical aid." *Id.* As relief, Plaintiff seeks $2,000,000.00 in "punitive damages for pain and suffering." *Id.* at 5.

After conducting the statutorily required screening, the Court has determined a responsive pleading is required in this matter and that this case may proceed to service. A separate e-service order for service will be issued. That order will set deadlines for the responsive pleading.

**IT IS THEREFORE ORDERED** that the motion for appointment of counsel (Doc. 4) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that this case may proceed to service on the defendants. A separate e-service order will be entered.

**IT IS SO ORDERED.**

DATED:  This 22nd day of February, 2023, at Kansas City, Kansas.


S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge