IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS L. WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case. No. 23-3030-EFM-TJJ |
| | ) |
| ROBERT K. WALLACE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' MOTION TO STAY DISCOVERY AND MEMORANDUM IN SUPPORT

Defendants Robert K. Wallace and Chad D. Clemons ("Defendants"), hereby request, through Assistant Attorney General Matthew L. Shoger, an order staying all discovery and other related Rule 26 proceedings in this case, including the obligation to attend a scheduling conference, or to issue or respond to any discovery, until the District Court rules on Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. In support of the Motion to Stay, Defendants state as follows.

### NATURE OF THE MATTER BEFORE THE COURT

In this action, Plaintiff Thomas L. Wilson, incarcerated in restrictive housing at El Dorado Correctional Facility (EDCF), alleges that Defendants were negligent and acted with deliberate indifference toward a serious medical need when he had two seizures and they did not enter his cell but observed from the other side of his door. Defendants have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment seeking dismissal of Wilson's claims for lack of subject-matter jurisdiction (due to Eleventh Amendment immunity) and failure to state a claim (due to lack of a retaliatory motive and qualified immunity), or, in the alternative, seeking summary judgment (due to the evidentiary record bolstering qualified immunity), or, in the

alternative, dismissal or partial summary judgment regarding the punitive damages claims (due to lack of the requisite subjective intent). The motion also seeks for the Court to decline to exercise supplemental jurisdiction over the remaining state law negligence claims.

## QUESTION PRESENTED

Should discovery and related Rule 26 proceedings be stayed, pending the resolution of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, which raises the defenses of Eleventh Amendment immunity and qualified immunity?

## ARGUMENTS AND AUTHORITIES

The Court has great flexibility in determining the time, manner, and scope of discovery. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."). "And it is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015). While "[t]he general policy in this district is not to stay discovery even though dispositive motions are pending," there are several circumstances where it is appropriate, such as:

- when a decision on the pending motion is likely to end the case,
- "where the facts sought through uncompleted discovery would not affect the resolution of the motion," and
- "where discovery on all issues of the broad complaint would be wasteful and burdensome."

*Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

Another such circumstance is when the defendant's motion raises issues of immunity. *See Citizens for Objective Pub. Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119-KHV, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (stay of discovery was warranted because defendants' motion to dismiss raised sovereign immunity); *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013) (noting "the well-established exception" to the district's general policy when defendants raise qualified immunity in their dispositive motion). Staying discovery in such cases allows the Court to resolve the threshold question of whether a defendant is entitled to immunity before subjecting the defendant to the burdens of discovery, which immunity protects him from. *See Stonecipher v. Valles*, 759 F.3d 1134, 1148-49 (10th Cir. 2014)); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (saying qualified immunity "is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery, as inquiries of this kind can be peculiarly disruptive of effective government").

The Court should stay discovery beyond initial disclosures until it rules on Defendants' pending motion because that motion raises threshold issues likely to dispose of the case. The motion argues extensively that Wilson fails to state plausible claims. Discovery will not aid the Court in deciding whether Sperry fails to state plausible claims in his complaint, as that is a question of law, not fact. Finally, Defendants raise the issues of qualified immunity and Eleventh Amendment immunity.

Qualified immunity is meant "to free officials from the concerns of litigation, including avoidance of disruptive discovery," *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009), and Eleventh Amendment immunity is a jurisdictional bar. *Edelman v. Jordan*, 415 U.S. 651, 678 (1974). Orders denying an official's claims of immunity are immediately appealable under the collateral

3

order doctrine insofar as they turn on questions of law because "the value . . . is for the most part lost as litigation proceeds past motion practice." *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145, 143-44, 147 (1993). Defendants are entitled to resolution of the immunity issues as a threshold matter because immunity from suit includes protection from unwarranted discovery. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) ("Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred."); *Liverman v. Comm. on the Judiciary*, 51 F. App'x 825, 827-28 (10th Cir. 2002) (affirming stay of discovery where defendant raised sovereign immunity as a defense).

## CONCLUSION

Until the Court decides the dispositive legal and jurisdictional issues raised in Defendants' motion, discovery would be wasteful, burdensome, and non-productive, for both the Court and the parties. Thus, the Court should grant this motion and enter an order staying discovery and other Rule 26 activities in this case, including the obligation to attend a scheduling conference, or to issue or respond to any discovery, until it rules on Defendants' pending Motion to Dismiss or, in the Alternative, for Summary Judgment.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
785-296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of June, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to all registered parties and interested parties. I also certify that a copy of the above will be mailed by means of first-class mail on the 7th day of June, 2023, postage prepaid, addressed to:

Thomas L. Wilson #70525
El Dorado Correctional Facility-Central
P.O. Box 311
El Dorado, KS 67042
*Plaintiff, pro se*

                                              */s/ Matthew L. Shoger*
                                              Matthew L. Shoger
                                              Assistant Attorney General