IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILSON,

    *Plaintiff,*

vs.

    Case No. 23-CV-3030-EFM-TJJ

WALLACE et al,

    *Defendants.*

**MEMORANDUM AND ORDER**

Before the Court is pro se Plaintiff Thomas Wilson's self-styled "Motion for Summary Judgment" (Doc. 24). Plaintiff, an inmate at El Dorado Correctional Facility, brings this civil rights action under 42 U.S.C. § 1983 and various state law claims against Defendants Officer Chad Clemons and Captain Robert Wallace, both who work at the Facility. Defendants moved to dismiss Plaintiff's Complaint and, in the alternative, moved for summary judgment on June 6, 2023. Plaintiff filed his instant Motion the following day.

Although his Motion is styled "Motion for Summary Judgment," Plaintiff really moves for default judgment, requesting "this court to grant relief by default," arguing that Defendants did not timely respond to his Complaint. Rule 55 of the FRCP governs motions for default judgment.[1]

Obtaining default judgment under Rule 55 is a two-step process.[2] First, the party seeking default must apply to the Clerk for an Entry of Default under Rule 55(a), which requires the movant to prove, by affidavit or otherwise, that the opposing party has failed to plead or otherwise defend against judgment for affirmative relief. This is accomplished by filing an Application for Clerk's Entry of Default, attaching proof of failure to plead, and submitting the proposed order to the chambers email account in Word format. After the Clerk enters default, the movant may then file for an Entry of Default Judgment under Rule 55(b) by applying to the Court.

Plaintiff has not properly completed the first step of this process; instead, he skipped directly to petitioning the Court for default judgment. This is reason enough to deny Plaintiff's Motion. But even if Plaintiff had properly completed the steps, Defendants are not currently in default. Default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."[3] Ordinarily, when a complaint is filed, a defendant must serve an answer within 21 days of service or within 60 days if service is timely waived.[4] In lieu of an answer, a defendant may file a motion to dismiss under Rule 12(b). Under Rule 12(a)(4), if a Rule 12(b) motion is filed, then the answer due date is altered. In that case, a

---

[1] *See* FED. R. CIV. P. 55(a).

[2] *Farr v. United States Gov't*, 2023 WL 315029, at *1 (D. Kan. 2023) (citing *Williams v. Smithson*, 57 F.3d 1081 (table), 1995 WL 365988, at *1 (10th Cir. 1995)).

[3] FED. R. CIV. P. 55(a).

[4] FED. R. CIV. P. 12(a)(1)(A)(i)–(ii).

defendant's answer becomes due 14 days after notice of either the court's denial of the motion or the court's postponement of disposition of the motion until trial.[5]

After waiving service and receiving a 14-day extension to answer, Defendants had until June 6, 2023, to file an answer or other responsive pleading.[6]  On that date, Defendants timely filed a Rule 12(b)(1) and 12(b)(6) Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. 16).  The Court has not yet resolved Defendants' Motion, so an answer is not yet due.  Therefore, Defendants are not in default, and Plaintiff's Motion is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. 24) is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated this 7th day of August, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] FED. R. CIV. P. 12(a)(4)(A).

[6] Doc. 16.