IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS L. WILSON,

    Plaintiff,

v.

                                                  Case No. 23-CV-3030-EFM-TJJ

ROBERT K. WALLACE, et al.,

    Defendants.

## ORDER

Plaintiff Thomas L. Wilson, a state prisoner currently incarcerated at El Dorado Correctional Facility, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. This matter is before the Court on Plaintiff's renewed motion for appointment of counsel (ECF No. 29). Plaintiff's first motion for appointment of counsel was denied without prejudice on February 22, 2023 (ECF No. 6). In that Order, Plaintiff was permitted to refile his motion for appointment of counsel if his circumstances change. In his renewed motion, Plaintiff states appointment of counsel is necessary due to the cause of action, his diminished mental health capacity, and his history of mental health problems and learning disabilities, all of which he claims adversely affect his ability to study and apply the laws protecting his constitutional and civil rights.

As the Court's prior Order noted, there is no constitutional right to appointment of counsel in a civil case.[1] The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.[2] "The burden is on the applicant to convince the court that there is sufficient

---

[1] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).

[2] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

merit to his claim to warrant the appointment of counsel.[3] It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."[4] In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."[5]

The Court again finds that although Plaintiff has asserted a colorable claim against a named defendant, the issues in this case are not overly complex, and Plaintiff continues to appear capable of adequately presenting facts and arguments. Plaintiff has further not shown that his circumstances have changed to now justify the appointment of counsel. Despite his claimed mental health issues and disabilities, Plaintiff has thus shown and continues to show that he is capable of adequately presenting facts and arguments in support of his claims.

**IT IS THEREFORE ORDERED THAT** Plaintiff's renewed Motion for Appointment of Counsel (ECF No. 29) is **denied without prejudice.**

**IT IS SO ORDERED**.

Dated August 30, 2023, in Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[3] *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

[4] *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[5] *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).